UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID E. HAMILTON,

                              Plaintiff,        CIVIL CASE NO. 06-13523

v.

SMART BUS COMPANY and THE
HONORABLE DAWNN MARIE
GRUENBURG, District Court Judge for the
37th Judicial District of Michigan            HONORABLE PAUL V. GADOLA
                                                          U.S. DISTRICT JUDGE
                            Defendants.
_____/

**<u>ORDER FOR A MORE DEFINITE STATEMENT</u>**

On August 4, 2006, *pro se* Plaintiff David E. Hamilton filed a complaint against Defendants Smart Bus Company and the Honorable Dawnn Marie Gruenburg, District Court Judge for the 37th Judicial District of Michigan. The complaint, as filed, consists of eleven pages of uninterrupted narrative divided into only two paragraphs, neither of which is numbered. The majority of the complaint describes Plaintiff's upbringing and various undated events that appear to have absolutely no connection to either Defendant or to any acts that may be the subject of a proper cause of action. Plaintiff's only recitation of law states, in totality, "The Constitution declares my right to free speech . . . Public Law 101-336, Sec. 503 assures I have the right to take this action." Pl.'s Compl., p. 11.

On November 28, 2006, Defendant SMART Bus Company filed a motion asking this Court to dismiss the cause of action for lack of subject matter jurisdiction for failure to state a claim upon which relief can be granted or, in the alternative, to require Plaintiff to file a more definite statement. Additionally, on December 11, 2006, Defendant Judge Gruenburg filed a motion to require Plaintiff

to file a more definite statement and seeking dismissal based on lack of personal jurisdiction. In response to these motions, Plaintiff filed a handwritten document containing various lists entitled, "Proof of Jurisdiction", "Cause of Action", and "Damages". Each list contains numerous terms, some of which may arguably relate to the title of the respective list, many of which do not, all of which lack any context or explanation as to their relation to any claims asserted in Plaintiff's complaint.

Complaints filed by *pro se* litigants are to be construed liberally and should not be held to the same stringent standard as formal pleadings drafted by licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Examining a *pro se* complaint, special care should be taken to determine whether any set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citing *Haines*, 404 U.S. at 520-21). "While pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Furthermore, it is not the role of the court to guess the nature of the claim(s) asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

> Federal Rule of Civil Procedure 8(a) requires
>
> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . [and], (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . .

Fed. R. Civ. P. 8(a).

Rule 10(b) requires that

> All averments of claim or defense shall be made in **numbered paragraphs**, the contents of each of which **shall be limited** as far as practicable **to a statement of a single set of circumstances**; and a paragraph may be referred to by number in all succeeding pleadings. **Each claim** founded upon a separate transaction or occurrence and each defense other than denials **shall be stated in a separate count** or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b) (emphasis added).

After reviewing Plaintiff's complaint, Plaintiff has failed to comply with both of these rules. Plaintiff's complaint fails to state, in any relevant way, "a short and plain statement of the grounds upon which the court's jurisdiction depends," or " a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Additionally, the complaint fails to contain any separate counts, does not have any numbered paragraphs, and is not organized in any way that limits each paragraph to a single set of circumstances. Accordingly, the Court finds that Plaintiff's complaint does not comply with the applicable procedural rules and, because of the nature of the rules violated, does not provide either Defendant with sufficient information such that a meaningful responsive pleading may be filed.

In the instant case, Federal Rules of Civil Procedure 12(e) provides a remedy for such a situation:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e).

Defendants have each amply demonstrated to the Court the glaring deficiencies of Plaintiff's complaint. These deficiencies are such that Defendants cannot be expected to file a responsive pleading to the complaint as it is now presented.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant SMART Bus Company's motion [docket entry 5] and Defendant Judge Gruenburg's motion [docket entry 7] are **GRANTED IN PART**, **DENIED IN PART.** The motions are **GRANTED** to the extent that it is ordered that Plaintiff must **FILE** a more definite statement of his claim(s). To the extent that Defendants' motions seek dismissal, such relief is not appropriate at this time and is therefore **DENIED**. Plaintiff's statement must clearly and fully comply with all applicable legal rules. The statement must contain limited, numbered paragraphs, include a short and plain statement of the facts Plaintiff relies upon for relief as to each Defendant, and include a short and plain statement demonstrating the Court's jurisdiction to hear the matter. Plaintiff must also clearly set forth the legal basis justifying relief for all claims asserted. Plaintiff's statement must be filed **WITHIN TEN (10) DAYS** after notice of this order. **Failure to comply with this order will result in DISMISSAL of the cause of action.**

**SO ORDERED**.

Dated: January 5, 2007                              s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on 1/10/2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Mark J. Zausmer , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: David Hamilton, Robert Huth Jr. .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845