UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID E. HAMILTON,

                Plaintiff,        CIVIL CASE NO. 06-13523

v.

SMART BUS COMPANY and THE
HONORABLE DAWNN MARIE
GRUENBURG, District Court Judge for the
37th Judicial District of Michigan        HONORABLE PAUL V. GADOLA
                                                     U.S. DISTRICT JUDGE
                Defendants.
_____/

## ORDER DISMISSING CASE

On August 4, 2006, *pro se* Plaintiff David E. Hamilton filed a complaint against Defendants Smart Bus Company and the Honorable Dawnn Marie Gruenburg, District Court Judge for the 37th Judicial District of Michigan. On January 5, 2007, this Court issued an order requiring Plaintiff to file a more definite statement, finding that Plaintiff's original complaint failed to contain a short and plain statement of the claim showing that Plaintiff could be entitled to relief and failed to "provide either defendant with sufficient information such that a meaningful responsive pleading may be filed." Order, p. 3 (Jan. 5, 2007).

On January 17, 2007, Plaintiff filed a response that failed to cure any of the deficiencies. Plaintiff's new filing does not further either of the two defendants' ability to defend against this cause of action. Accordingly, on January 26 and January 30, 2007, the Honorable Dawnn Marie Gruenburg and Defendant Smart Bus Company separately filed motions to dismiss due to Plaintiff's failure to comply with the Court's order for a more definite statement.

Plaintiff has failed to respond to Defendants' dispositive motions. Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion **must** file a response, including a brief and supporting documents then available." E.D. Mich. L.R. 7.1(b) (emphasis added). Local Rule 7.1(d)(1)(B) requires that responses to dispositive motions are due within twenty-one (21) days of service of the motion. E.D. Mich. L.R. 7.1(d)(1)(B). Accordingly, if Plaintiff opposed Defendants' motions he was required to file responses no later than February 20, 2007 and February 23, 2007, respectively. *See id.*; Fed. R. Civ. P. 6(e). The Court, having received no response from Plaintiff is left to conclude that the motions to dismiss are unopposed.

The Court has previously noted in this case that complaints filed by *pro se* litigants are to be construed liberally and should not be held to the same stringent standard as formal pleadings drafted by licensed attorneys. *See* Order, p. 2 (Jan. 5, 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Examining a *pro se* complaint, special care should be taken to determine whether any set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citing *Haines*, 404 U.S. at 520-21). "While pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Furthermore, it is not the role of the court to guess the nature of the claim(s) asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Nor should a party wishing to defend itself in a cause of action be required to guess the nature of the claim they are seeking to defend against.

In the instant case, Plaintiff's filings fail to provide Defendants with any notion as to the claims asserted against them, fail to alert this Court as to the jurisdictional basis for his claim, and

fail to meet the basic procedural requirements of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8, 10; *Jourdan*, 951 F.2d at 108.  Therefore, even construed in the most liberal light, *see Haines*, 404 U.S. at 520, Plaintiff's complaint has failed to state a claim upon which relief could be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's cause of action, **Case No. 06-13523**, is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

Dated: March 6, 2007                                            s/Paul V. Gadola
                                                                HONORABLE PAUL V. GADOLA
                                                                UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on    March 6, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                Robert S. Huth, Jr.; Mark J. Zausmer                               , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                David Hamilton                .

                                                                s/Ruth A. Brissaud
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845